Frost J.
delivered the opinion of the Court.
The first ground for a new trial excepts to the charge of the circuit Judge, that the delivery of a chattel is not necessary to perfect the title of the donee, when the gift is by deed.
According to Noy’s Maxims, 107, “if a deed be made of goods and chattels, and delivered to the use of the donee, the property of the goods and chattels is in the donee presently.” The delivery of the deed is a symbolical delivery of the property. Southworth v. Sebring, 2 Hill, 588. That seems to be a sufficient delivery, which would authorise the donee to take possession without committing a trespass. Reid v. Colcock, 1 N. & M’C., 602; Fowler v. Stewart, 1 M’C., 505.
Even if the deed of gift transferred an exclusive property in the slaves to the wife of John S. Young, this action may be maintained in the name of the husband alone. When the wife has a legal estate in chattels personal, and the right ofimmediate possession, in severalty, the marital rights of the husband will attach and vest the property in him; Sausy v. Gardner, 1 Hill, 192. And it may be considered as a general rule, that the husband may commence proceedings at law, in his own name, for all the personal estate in action which accrued to his wife, *55 or to her and him jointly, during the marriage, and in respect of all personal contracts and covenants made or entered into with them, during that period; 1 Roper’s Husband and Wife, 210; 1 Chitty, PL 74.
The second and third exceptions to the circuit opinion, taken for a new trial, are plainly untenable. A deed would be an idle formality, if, after an unconditional delivery, it might be revoked, or by subsequent declarations of the grantee, he might explain his meaning to have been otherwise; or vary, contradict, or explain the import and operation of the instrument.
The evidence referred to in the fourth ground, was not of declarations of Henry Moore, but merely of his request, at the time the deeds were executed, that the negroes should not be taken away by the parties, but be permitted to remain with him until after christmas. But even without this explanation, the evidence was properly rejected. The established rule is, that after the plaintiff has produced his evidence in reply to the case made by the defendant, the evidence is closed. If the plaintiff is permitted by the defendant to introduce incompetent evidence, he cannot take advantage of his own remissness or design, and require that the case should be opened to give him an opportunity of replying to such evidence. Great mischief and abuse would result from such a practice. The fifth ground of appeal has not been strenuously urged. A deed, which transfers property by the words, “give, convey and deliver,” with a clause of warranty, cannot be construed to be testamentary. And the execution of a will at the same time with deeds, in entire conformity with them, cannot impair their legal effect. The evidence amply supports the verdict, which certainly is not subject to any just exception by the defendant, who, in common with every one of the donee’s children, shared in the partition of his property, claiming their shares under deeds, executed at the same time and similar to the plaintiff’s deed, which the defendant would impeach for fraud.
The motion is dismissed.